In re MERRILL & BAKER.

(District Court, S. D. New York. August, 1907.)

BANKRUPTCY—LIENS—COLLATERAL SECURITY—COLLECTIONS MADE BY BANKRUPT AS AGENT FOR CREDITOR.

> Where a corporation pledged book contracts, on which sums were due to it in installments, to a bank as collateral security for its notes, but was authorized by the bank to make collections on such contracts through its collection department, all collections made thereon were made as agent for the bank, and pro tanto extinguished the lien of the bank on the collateral, which, on the bankruptcy of the corporation, was enforceable only to the extent of the amount then remaining due on the notes, after crediting thereon the amount of all such collections, whether actually paid over by the bankrupt or not.

In Bankruptcy. On motion to confirm report of special master.

A corporation pledged to a bank as collateral security to its notes certain contracts for the sale of books on which sums were due to it in installments. The contracts were turned over to the bank, which, however, by a written instrument authorized the officers of the corporation to collect the contracts, and with the knowledge and consent of the bank such collections were made through its collection department. The corporation was adjudged a bankrupt, having at the time turned over to the bank all collections made, except the sum of $290.66, which it had used in its business. The trustee thereafter made further collections exceeding the amount due on the notes, and the bank filed a petition claiming the proceeds of such collections to the amount due on its notes, after crediting the sums turned over to it by the bankrupt. The special master reported in favor of the allowance of such claim.

W. Benton Crisp, for City National Bank of Goshen.
George Zabriskie, for trustee.

HOUGH, District Judge. The bankrupt became the agent of the City National Bank for the collection of the amounts due on the book contracts in question. Payment to Merrill & Baker was payment to the national bank, and pro tanto extinguished the notes secured by collateral. The bank is entitled to the amount due on the notes at the time of bankruptcy. Neither it, nor any agent, had a right to collect more. Anything collected beyond that amount by the trustee is his, as was the right to collect such overplus. The bank is not entitled to the $290.66 in dispute. No interest will be given beyond such as the trustee may have actually received. There is no reason

why petitioner should bear the expenses of this litigation. He should recover the taxable expense of the proceedings and a docket fee.

Report modified accordingly.